Dear Archives and Records Commission Engle,
¶ 0 This office has received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does Section 5 of H.B. 2676 (codified at 6 O.S. Supp. 2000, § 208), which deals with the handling and storage of records of the Oklahoma State Banking Department, remove the records of the State Banking Department from the purview of the Oklahoma Archives and Records Commission?
 2. What effect, if any, does Senate Bill 1598, the Uniform Electronic Transactions Act (codified at 12A O.S. Supp. 2000, §§ 15-101[12A-15-101] — 15-120), have on 6 O.S. Supp. 2000, § 208[6-208]?
 I. Introduction
¶ 1 The Oklahoma Archives and Records Commission ("Commission") is the state agency which — with some exceptions[1] — is vested with "sole, entire and exclusive authority of the disposition for all public records[2] and archives of state officers, departments, boards, commissions, agencies and institutions." 67 O.S. Supp. 2000, § 305[67-305]. Generally, no state government record can be destroyed or otherwise disposed of unless the Commission determines that the record has "no further administrative, legal, fiscal, research or historical value." 67O.S. 1991, § 210[67-210]. When an agency determines that a record is no longer needed for the transaction of business, the record can be disposed of or archived at the direction of the Commission. Seeid. § 306. A record of all such documents is kept by the secretary of the Commission. See id. § 308.
¶ 2 Section 5 of H.B. 2676 (codified and hereafter referred to as 6 O.S. Supp. 2000, § 208[6-208]), deals with records of the Oklahoma State Banking Department ("Department"). Your concern centers around subsection Section 208(C), added by the Legislature during the 2000 session. It reads:
 All documents which the Department is required, by any provision of the Oklahoma Banking Code or by any other statute or regulation of this state, to retain or preserve in its possession may be retained and preserved, in lieu of retention of the original records or copies, in an electronic format and stored by electronic imaging or otherwise so that the documents may be later reproduced as necessary. Any such electronically stored or imaged document or reproduction shall have the same force and effect as the original thereof and be admitted in evidence equally with the original.
 ¶ 3 Id. You wish to know if this provision removes the Banking Department from the purview of the Commission.
 II. Analysis
A. Effect of 6 O.S. Supp. 2000, § 208(C).
¶ 4 We begin by recognizing that the Department is "required, by any provision of the Oklahoma Banking Code or by any otherstatute or regulation of this state, to retain or preserve" certain records. Id. (emphasis added). As noted above, the Commission is empowered to authorize the disposition of records. Section 208(C) does not deal with disposition of records. It merely states that, if records are to be retained, they can be retained in a certain format. In other words, Section 208(C) deals with only the form in which certain records can be retained, if such retention is required. By the plain language of the statute, the Department is still required by "any other statute or regulation" to preserve its records. Id.
¶ 5 Therefore, the answer to your first question is no, Section 208 does not remove the records of the State Banking Commission from the purview of the Archives and Records Commission.
B. Uniform Electronic Transactions Act.
¶ 6 Senate Bill 1598, the Uniform Electronic Transactions Act (hereinafter "UETA"), passed in the 2000 legislative session and became effective November 1, 2000. See 12A O.S. Supp. 2000, §§15-101-15-120 . The UETA is a permissive act, in that it "does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form." Id. § 15-105(a). Further, the UETA "applies only to transactions between parties each of which has agreed to conduct transactions by electronic means." Id. § 15-105(b). Thus, it facilitates, but does not require, any particular transaction to be done electronically.
¶ 7 Your question deals with the possible effect of the UETA on a state agency; therefore, this analysis focuses on Sections15-117 through 15-120. Those are the provisions specifically dealing with governmental agencies. See Okla. Stat. Ann. tit. 12A, art. 15 (2000), Fred H. Miller, Commentary on the Oklahoma Version of the Uniform Electronic Transactions Act, at "Governmental Provisions".
¶ 8 We begin with 12A O.S. Supp. 2000, § 15-117[12A-15-117]. It specifies that "[e]ach governmental agency of this state, in cooperationwith the Archives and Records Commission, shall determine whether, and the extent to which, it will create and retain electronic records and convert written records to electronic records." Id. (emphasis added). Section 15-118 (a) specifies that "each governmental agency of this state shall determinewhether, and the extent to which, it will send and accept electronic records and electronic signatures to and from other persons and otherwise create, generate, communicate, store, process, use, and rely upon electronic records and electronic signatures." Id. (emphasis added). Section 15-119 allows any governmental agency which develops standards and requirements to encourage and promote consistency among the other agencies with which it deals, and allows for specification of different standards for particular applications. See id.
¶ 9 A glance at these provisions indicates that the UETA encourages, but does not require, governmental agencies to determine the extent to which such agencies will use the UETA; and allows agencies to develop certain standards. However, comments to the UETA make it clear that the Act "defers for the most part to the provisions of other law for substantive determinations." Okla. Stat. Ann. tit. 12A, art. 15 (2000), Fred H. Miller, Commentary on the Oklahoma Version of the Uniform Electronic Transactions Act, at "Federal Law" ¶ 3. See also12A O.S. Supp. 2000, § 15-103[12A-15-103](d) ("A transaction subject to this act is also subject to other applicable substantive law.").
¶ 10 The above quoted provisions indicate that an agency must work with the Commission to determine to what extent the UETA will be used when dealing with the agency's records. This is not inconsistent with 6 O.S. Supp. 2000, § 208[6-208](C), dealing with the form in which the Banking Department's records can be retained. Reading these provisions together, we can determine that Section 208(C) allows the Department to retain its records in an electronic format which has the same force and effect as the original document; and that Section 15-117 of the UETA requires the Banking Department to consult with the Archives and Records Commission when it creates and retains electronic records that fall within the framework of the UETA.[3] Whether a particular record falls under the UETA is a question of fact beyond the scope of an Attorney General Opinion. See 74 O.S.Supp. 2000, § 18b[74-18b](A)(5).
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Section 5 of H.B. 2676 (codified at 6 O.S. Supp. 2000, § 208[6-208]), which deals with the handling and storage of records Oklahoma State Banking Department, does not remove the records of the State Banking Department from the purview of the Oklahoma Archives and Records Commission.
 2. Senate Bill 1598, the Uniform Electronic Transactions Act ("UETA") (codified at 12A O.S. Supp. 2000, §§ 15-101 — 15-120), is a permissive act which does not require a record to be in any specific form; therefore, it does not conflict with 6 O.S. Supp. 2000, § 208(C), which allows the Banking Department to store its records in an electronic format. However, the UETA does require the Banking Department to work with the Archives and Records Commission when it creates and retains electronic records that fall under the UETA's purview. See 12A O.S. Supp. 2000, § 15-117. Whether a record falls within the provisions of the UETA is a question of fact beyond the scope of an Attorney General Opinion. See 74 O.S. Supp. 2000, § 18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] Exceptions include the Department of Public Safety (see47 O.S. Supp. 2000, § 2-111[47-2-111]); the Oklahoma State Bureau of Investigation (see 74 O.S. 1991, § 150.7[74-150.7] (2)); and confidential records and files of the Tax Commission (see 67O.S. Supp. 2000, § 305[67-305]). Additionally, records of the State's political subdivisions are exempt from the purview of the Commission. See 67 O.S. Supp. 2000, § 305[67-305]. These exceptions are not relevant to this particular Opinion, but are dealt with in your other Opinion request. See A.G. Opin. 01-13.
[2] The definition of "record" is contained in the Records Management Act:
 "Record" means document, book, paper, photograph, microfilm, computer tape, disk, record, sound recording, film recording, video record or other material, regardless of physical from or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business the expenditure of public funds, or the administration of public property. Library and museum material made or acquired and preserved solely for reference or exhibition purposes and stocks of publications are not included within the definition of records as used in this act.
67 O.S. 1991, § 203[67-203](a) (footnote omitted) (emphasis added). As we noted in Attorney General Opinion 83-191:
 [A] `record' may have any physical form or characteristic. Thus, if certain information is made or received pursuant to law or ordinance or in connection with the transaction of official business, this information may be stored in any form of electronic media and would be subject to the provisions of the referenced statutes. . . .
 Thus, information stored in any form does not lose its character as a record for purposes of Oklahoma Statutes.
Id. At 341.
[3] As the name implies, the UETA deals with electronic transactions. "Transaction" is defined under the Act as "an action or set of actions occurring between two or more persons relating to the conduct of business, commercial, or governmental affairs." 12A O.S. Supp. 2000, § 15-102[12A-15-102](16). "Electronic" is defined as "relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities." Id. § 15-102(5).